UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROBERT VENETUCCI,                           :

             Plaintiff,          :

    -against-                                    :       **MEMORANDUM AND ORDER**

DEPARTMENT OF STATE,                     :       05-CV-2174 (ARR)

             Defendant.         :
----------------------------------------------------------x
ROSS, United States District Judge.

Plaintiff Robert Venetucci, a federal inmate who was extradited to, and convicted in, Italy and who subsequently agreed, as a condition of his voluntary transfer to a United States prison, that any legal proceeding challenging his conviction or sentence had to be brought in Italy, brings this pro se action seeking a declaratory judgment vacating his conviction and life sentence. Although plaintiff has paid the filing fee, this action is nonetheless dismissed for the reasons set forth below.

Background

On September 27, 1983, an Italian judge issued a warrant for plaintiff's arrest on charges of extortion and conspiracy to commit extortion. See Matter of Sindona, 584 F.Supp. 1437, 1446, 1447 (E.D.N.Y. 1984). On May 3, 1984, Judge Glasser granted Italy's request for extradition, finding, inter alia, that the offenses with which plaintiff was charged were extraditable and that the requirements of "double criminality" were satisfied. Id. at 1452.

Shortly after plaintiff's extradition to Italy, the Italian Government requested the consent of the United States, pursuant to Article XVI(1)(c) of the 1983 Extradition Treaty between the United States and Italy, to try plaintiff on the additional charge of complicity in premeditated murder. Amended Complaint, ¶¶ 20, 22. The United States Government consented, and that

consent was communicated to the Italian Embassy by the United States Department of State on January 2, 1985. Id., Ex. B. In 1986, plaintiff was convicted in Italy of both murder and aggravated extortion and sentenced to life imprisonment. See Ventucci v. LeBlanc, No. Civ. 03-944 ADM/AJB, 2003 WL 24013824, at *1 (D.Minn. Apr. 10, 2003).

In 1997, plaintiff requested a transfer to the United States. Id. At a hearing held pursuant to 18 U.S.C. § 4108, plaintiff verified his consent to the transfer and agreed, both orally and in writing, that any legal proceedings challenging his conviction or sentence had to be brought in Italy. Ventucci v. Reese, 46 Fed. Appx. 381, 382, 2002 WL 31016425, at *1 (8th Cir. 2002). In March 1998, plaintiff was transferred to the United States, and is currently incarcerated at the Federal Medical Center in Rochester, Minnesota.

Plaintiff's Prior Petitions for a Writ of Habeas Corpus

Notwithstanding his agreement not to challenge his Italian conviction and sentence in United States courts, plaintiff filed at least three petitions for a writ of habeas corpus in the United States District Court for the District of Minnesota following his return to the United States. In October 1998, plaintiff filed a petition pursuant to 28 U.S.C. § 2241, asserting "that his sentence was illegal because the United States had no right under the Constitution to detain him ... [and] that the transfer treaty between Italy and the United States was 'defective and illegal.'" Ventucci v. LeBlanc, 2003 WL 24013824, at *1. Magistrate Judge John Mason addressed that petition on the merits and recommended that it be dismissed, finding that plaintiff's "request to transfer to the United States was made 'knowingly and understandingly' and was 'wholly voluntary.'" Id. That recommendation was adopted by District Judge Ann Montgomery and the petition was dismissed with prejudice on August 17, 1999. Id.

In June 2001, plaintiff filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, raising issues which appear quite similar to issues being raised herein. In that petition, plaintiff argued, inter alia, "that the additional charge of complicity to commit murder was presented against him in Italy in violation of due process, the Ex Post Facto Clause and treaties between Italy and the United States." Id. at *2. Magistrate Judge Mason again recommended that the petition be dismissed, this time on the ground that plaintiff had failed to make the showing necessary for the court to consider a second and successive petition. Id. Judge Montgomery again adopted the Magistrate Judge's Report and Recommendation, and dismissed the petition with prejudice on February 12, 2002. Id.

Plaintiff then appealed to the Eighth Circuit Court of Appeals, which declined to reach the successiveness issue. Rather, the Eighth Circuit addressed the merits of plaintiff's petition and held that his challenge to his continued incarceration was foreclosed by his agreement to challenge his conviction and sentence only in Italy. See Venetucci v. Reese, 46 Fed. Appx. at 382, 2002 WL 31016425, at *1. Noting that such agreements were consistent with federal law and rejecting plaintiff's claim that his consent to transfer was not voluntary, the Eighth Circuit concluded that "the record plainly demonstrates that the claim is without merit." Id.

On January 29, 2003 – less than four months after the Eighth Circuit dismissed his second habeas petition – plaintiff filed a third action, asserting that his consent to the transfer had not been made knowingly. Although plaintiff argued that "his claims [were] separate and independent from habeas corpus," Magistrate Judge Arthur J. Boylan rejected this argument, stating that in order to obtain relief, plaintiff "must petition for a writ of habeas corpus." Ventucci v. LeBlanc, 2003 WL 24013824, at *4-*5. Magistrate Judge Boylan analyzed the

submission under both the "second and successive" restriction of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") and the common law abuse of writ principles and recommended that the petition be dismissed with prejudice. Magistrate Judge Boylan's Report and Recommendation was adopted by Judge Montgomery, who noted that, regardless of whether plaintiff's submission was reviewed "as a § 2241 petition, or ... a § 3244 All Writs Act petition," the issues plaintiff sought to raise had "been previously considered and rejected by both the District Court and the Eighth Circuit Court of Appeals." Ventucci v. LeBlanc, No. Civ. 03-944 ADM/AJB, 2003 WL 21057066, at *2 (D.Minn. May 9, 2003).

Plaintiff's Complaint and Amended Complaint

In April 2005, plaintiff commenced this action, alleging that defendant Department of State violated various sections of Title 18 of the United States Code, two extradition treaties between the United States and Italy and plaintiff's Constitutional rights by communicating the United States Government's consent to have Italy try plaintiff on the murder charge. Plaintiff's complaint contended that the consent to "try" plaintiff was "not consent to ... punishment or detention," Complaint, ¶ 15 (emphasis omitted); that the 1983 Extradition Treaty was inapplicable because the murder allegedly occurred prior to its enactment and that the use of this treaty was not only "prejudicial to [p]laintiff" but violated "the Ex Post Facto Clause," id. at ¶¶ 17-18, 24; that defendant's "consent" was unauthorized because no judicial officer had certified that plaintiff was extraditable for the murder charge, id. at ¶¶ 21-23; that Italy subsequently added further charges (such as participation in aggravated private violence) on which plaintiff was never extradited and to which defendant never consented, id. at ¶ 25 and that, "[a]bsent the unlawful Additional Charge and Further Charges, Plaintiff's term of imprisonment

4

would have [already] ended ...." Id. at ¶ 27. The only relief plaintiff sought was an order declaring "the detention, conviction and punishment for the Additional Crimes and Further Crimes ... void ab initio." Id. at p. 4.

Plaintiff's complaint made no mention of the lengthy procedural history of his case. Moreover, although plaintiff provided an address at the Federal Medical Center in Rochester, Minnesota, plaintiff did not make any allegations concerning the place of his incarceration. Plaintiff, who certified that he had served the Department of State at a Washington, D.C., address, also did not explain why he was bringing this action in this district.

In late May 2005, plaintiff filed an amended complaint, which requested the same relief and contained most of the same factual allegations as the original complaint. However, the amended complaint added two new arguments: (1) that his prosecution on the murder charges was prohibited by the five-year statute of limitations set forth in 18 U.S.C. § 3282, Amended Complaint, ¶¶ 24-26, and (2) that Judge Glasser had applied "New York State law instead of Federal law" in determining that the requirements of "double criminality" were satisfied. Id. at ¶ 10.

The amended complaint also included several new jurisdictional allegations. First, the amended complaint expressly alleged that plaintiff was "serving ... his sentence at the Federal Medical Center, Rochester, Minnesota." Id. at ¶ 2. Second, the amended complaint attempted to explain why this action was being brought in this district, asserting that, "Filing in this District is consistent with Supreme Court precedent and the law of the Second Circuit." Id. at ¶ 3. The amended complaint did not cite to any Second Circuit cases, but quoted a 1925 Supreme Court case for the proposition that habeas corpus relief was not available in extradition proceedings,

except "to inquire whether the magistrate had jurisdiction, whether the offense charged is within the [extradition] treaty and ... whether there was any evidence warranting the finding that there was a reasonable ground to believe the accused guilty." Id. (quoting Fernandez v. Phillips, 268 U.S. 311, 312 (1925)). The amended complaint then concluded:

> The Amended Complaint raises none of the issues listed in such opinion, therefore habeas corpus in Plaintiff's district of incarceration is not available to resolve the issues herein.

Id. As in the original complaint, the amended complaint did not mention the three unsuccessful petitions for writs of habeas corpus that plaintiff had already filed by that juncture.

Discussion

When a plaintiff is proceeding pro se, the complaint must be read liberally and interpreted as raising the strongest argument it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citing Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

If it is apparent that an action is frivolous, however, a court may sua sponte dismiss a pro se complaint even if the plaintiff has paid the filing fee to initiate the action. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, inter alia, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). Thus, if it appears from the complaint that the court lacks subject matter jurisdiction, the fact that the plaintiff "pa[id] the required fee does not

insulate the complaint from sua sponte dismissal for lack of subject matter jurisdiction." Jones v. Langston, No. 04-CV-6082T (FE), 2004 WL 1083242, at *2 (W.D.N.Y. May 5, 2004). Moreover, courts have an independent obligation to examine the basis of their jurisdiction, see FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and must dismiss a case whenever it appears that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, it is apparent from the complaint that this Court lacks subject matter jurisdiction. Plaintiff has taken great pains to present this a declaratory judgment action, but the relief plaintiff seeks – the vacating of his conviction and his immediate release from custody – falls "squarely within [the] traditional scope of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Ordinarily, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. P. 57. However, when the alternative remedy was expressly created by statute to provide the relief sought, a declaratory judgment should not be granted. See Perez v. Ledesma, 401 U.S. 82, 123 (1971) (Brennan, J., concurring and dissenting on other grounds); see also Katzenbach v. McClung, 379 U.S. 294, 296 (1964) (declaratory relief "should not be granted where a special statutory proceeding has been provided").

The habeas provisions in 28 U.S.C. §§ 2241 and 2255 set forth special statutory proceedings which enable a person in federal custody to launch a collateral attack on his or her conviction, sentence and incarceration. Therefore, it is well settled that "declaratory relief will not be used to attack a criminal conviction if the writ of habeas corpus or a motion to vacate under [28 U.S.C. § 2255] is available." Wright & Miller, Fed. Practice and Procedure, § 2758 (1998). This rule, like case law prohibiting a state prisoner from using an action pursuant to 42 U.S.C. § 1983 to challenge "the fact or duration of his confinement," see Wilkinson v. Dotson,

___U.S.___, 125 S.Ct. 1242, 1245 (2005) (citing Preiser, 411 U.S. at 489), is necessary to prevent prisoners from circumventing the elaborate procedural requirements that apply to habeas cases.

This rule has been applied in situations similar to this case in this and other Circuits. For example, in LoBue v. Christopher, 82 F.3d 1081 (D.C. Cir. 1996), the Court of Appeals for the District of Columbia Circuit held that a district court in that Circuit lacked subject matter jurisdiction over a declaratory judgment action in which federal detainees in Illinois, facing extradition to Canada, sought to challenge the constitutionality of the federal extradition statutes. The Government challenged the suit on grounds of comity, asserting that the plaintiffs had already filed a habeas petition raising the same issues in the Northern District of Illinois. The Circuit Court rejected that argument, stating:

> [C]omity is not really the issue; the key to plaintiffs' inability to pursue a suit here is jurisdictional, and it rests merely on the availability – not the actual seeking – of habeas relief elsewhere.

Id. at 1082. The Circuit Court reasoned that because the plaintiffs could challenge the constitutionality of the extradition statute though a petition for a writ of corpus in the Northern District of Illinois, "the District of Columbia district court ... lacked subject matter jurisdiction to hear [the plaintiffs'] declaratory judgment action." Id.

In this Circuit, several district courts have relied on the same rationale, albeit in cases that are not as similar to the instant case as LoBue. In Goodwin v. Hammock, 502 F.Supp. 756 (S.D.N.Y. 1981), for example, the Southern District held that a prisoner whose release from, and participation in programs at, the federal penitentiary in Marion, Illinois, was affected by a detainer warrant filed by the New York State Division of Parole could not seek a declaratory judgment entitling him to an immediate hearing to determine the validity of that warrant. The

Court ruled that the plaintiff could have challenged the detainer upon a writ of habeas corpus under 28 U.S.C. § 2254, and that declaratory relief was unavailable because "[a] declaratory judgment may not be used as a vehicle for circumventing the prerequisites for issuance of a writ of habeas corpus." Id. at 759. Similarly, in Clausell v. Turner, 295 F.Supp. 533 (S.D.N.Y. 1969), and Mowers v. United States Attorney General, 297 F.Supp. 535 (S.D.N.Y. 1969), the Southern District held that federal prisoners could not challenge their criminal convictions in actions pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

Plaintiff seeks to avoid the application of this rule to this case by contending that "habeas corpus in Plaintiff's district of incarceration is not available to resolve the issues" raised in this action. Amended Complaint, ¶ 3. This claim is belied by the procedural history of the case, any mention of which is conspicuously absent from plaintiff's pleadings. As chronicled in detail above, plaintiff has already filed three separate habeas petitions in the United States District Court for the District of Minnesota. The first petition was denied on the merits and dismissed by the District Court. Ventucci v. LeBlanc, 2003 WL 24013824. The second petition, which raised issues very similar to some of the issues being raised herein, was denied on the merits and dismissed by the Eighth Circuit Court of Appeals. Ventucci v. Reese, 46 Fed. Appx. 381, 2002 WL 31016425. The third petition was denied on procedural grounds, since the issues plaintiff sought to raise had "been previously considered and rejected by both the District Court and the Eighth Circuit Court of Appeals." Ventucci v. LeBlanc, 2003 WL 21057066, at *2. In light of this history, it may well be true that habeas corpus is no longer available to plaintiff, but only because any future petition, like the one in Ventucci v. LeBlanc, 2003 WL 21057066, would be procedurally barred as "second and successive" or as an abuse of the writ.

While this Court recognizes that pro se complaints must be construed liberally, see McEachin, 357 F.3d at 200; Burgos, 14 F.3d at 790, it declines to construe plaintiff's pleadings as a petition for a writ of habeas corpus and to transfer the case in the interest of justice. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). In light of the procedural history of this case, it would be utterly futile to do so.

Conclusion

For the reasons set forth above, this action is dismissed because this Court lacks subject matter jurisdiction. See LoBue, 82 F.3d 1081; Fed. R. Civ. P. 12(h)(3). Moreover, this action is frivolous. See Fitzgerald, 221 F.3d at 363-64.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
June 21, 2005